UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Sheila Rivers | ) | |
| | ) | C/A No. 6:08-cv-0016-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 83.VII.02(a), D.S.C. filed on February 9, 200 9.  Plaintiff brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security Administration that Plaintiff was not entitled to disability insurance benefits ("DIB").

## Procedural History

On September 24, 2002, Plaintiff filed an application for DIB and SSI alleging disability beginning October 31, 2001.  The application was denied initially and on reconsideration.  Plaintiff requested a hearing, which was held on September 24, 2003.  On February 12, 2004, following the hearing, at which Plaintiff and her

attorney appeared, the administrative law judge ("ALJ") determined that Plaintiff was not entitled to benefits.  The decision was vacated by the appeals counsel on April 21, 2004.  The ALJ held a supplemental hearing on July 13, 2004 and again issued a second unfavorable decision on February 24, 2005.  This determination became the final decision of the Commissioner when it was adopted by the Appeals Council on May 9, 2005.  On July 11, 2005, the plaintiff filed an action for judicial review.  On October 17, 2006, United States Magistrate Judge Bristow Marchant recommended that the case be remanded for proper evaluation and consideration of medical evidence.  United States District Judge Terry L. Wooten adopted the magistrate's recommendation and the case was remanded to the Commissioner.

While the case was on remand, the plaintiff's March 2005 applications were granted in part and she was found to be disabled beginning on February 1, 2006.  A supplemental hearing was held before a different ALJ on October 24, 2007.  The plaintiff, her husband, her attorney and a vocational expert appeared.  On November 28, 2007, the ALJ issued a partially favorable decision finding her disabled as of February 1, 2006 but finding that she could perform a limited range of sedentary work before that date.  The ALJ's decision became the final decision of the Commissioner when approved by the Appeals Counsel.  After an unfavorable decision by the Commissioner, Plaintiff commenced this action on January 2, 2008 in the United States District Court, which was referred to the magistrate to issue a Report and Recommendation.  The magistrate concludes that the ALJ's findings are not supported

by substantial evidence and recommends the decision of the Commissioner be reversed

and the plaintiff be awarded benefits.

## Standard Of Review

The magistrate makes only a recommendation to this Court. The

recommendation has no presumptive weight, and the responsibility to make a final

determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71

(1976). This Court is charged with making a *de novo* determination of those portions

of the Report and Recommendation to which a specific objection is made, and this

Court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may

also "receive further evidence or recommit the matter to the magistrate with

instructions." *Id*. Defendant has filed objections to the magistrate's Report and

Recommendation.

The role of the federal judiciary in the administrative scheme established by the

Social Security Act is a limited one. Section 205(g) of the Act provides: "The findings

of the Secretary as to any fact, if supported by substantial evidence, shall be

conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined

innumerable times as more than a scintilla, but less than a preponderance." *Thomas

v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo*

review of the factual circumstances that substitutes the court's findings for those of

the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971). The court

must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## Discussion

The defendant objects to the Report and Recommendation stating that remand is appropriate as opposed to outright reversal and an award of benefits.  The defendant argues that the magistrate did not adequately show that the plaintiff was disabled for at least 12 consecutive months.  The defendant alleges that the evidence alone cited by the magistrate does not "establish 'ineffective ambulation'" as required by Listing 1.02. (Obj. P. 2).  This Court disagrees.  The plaintiff meets every requirement of

Listing 1.02 and is entitled to benefits.  The evidence cited by the magistrate is

sufficient to reverse and award benefits.

In order to meet the requirements of Listing 1.02, the claimant's impairments

must be:

> Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;
>
> . . .
>
> To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

The plaintiff met all the requirements.  Medical evidence showed that she had

significant degenerative disease in her left knee with a decreased range of motion (Tr.

282) and MRI evidence of a horizontal cleavage tear of the posterior third of her

medical meniscus as well as some underlying pes anserine bursitis and patellofemoral

Page 5 of  7

malalignment.     (Tr. 229).     Many medical images showed the existence of the impairments in the knee and the records show her inability to ambulate effectively. (*See* Tr. 198, 226, 276, 220, 219).  The plaintiff walked with a cane to the hearing. (Tr. 220).  She testified that her husband had to drive her.  (Tr. 39).  In addition to using the cane, she had a brace on her knee to help ease the pain.  (Tr. 46).  Her husband often had to take her medication and meals to her because she was unable to walk.   (Tr. 49).   The plaintiff began walking with crutches but due to the progression of the pain had to begin using a cane.  (Tr. 220-21). When a plaintiff has met the requirements of a listing, the inquiry ends.  The listings identify individuals who are inflicted by "impairments which are considered severe enough to prevent a person from doing any gainful activity."  20 C.F.R. § 404.1525(a).  The plaintiff met all the requirements under Listing 1.02.

"Where the [Commissioner's] determination is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the case for rehearing'" pursuant to Section 405(g).  *Vitek v. Finch*, 435 F.2d 1157, 1158 (4th Cir. 1971).  An award of benefits is more appropriate when further proceedings would not serve any useful purpose.  *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1985).  In addition, an award of benefits is appropriate when substantial evidence on the record as a whole indicates that the clamant is disabled, and the weight of the evidence indicates that a remand would only delay the receipt of benefits while serving no useful purpose, or a substantial amount of time has already been consumed.  *Parsons v. Heckler*, 739 F.2d 1334, 1341 (8th Cir. 1984); *Tennant v. Schweiker*, 682 F.2d 707, 710 (8th Cir. 1982).  The overwhelming weight of the evidence shows that the plaintiff was disabled during the relevant time period as she met all the requirements in Listing 1.02.  Remand would only delay the receipt of benefits while serving no useful purpose.

### Conclusion

After a review of the magistrate's Report and Recommendation, the objections filed by Defendant, and the facts and record of this case, this Court finds the Report and Recommendation is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the Commissioner's decision denying benefits be REVERSED and the case is REMANDED to the Commissioner to award benefits.

IT IS SO ORDERED.

_____
G. Ross Anderson, Jr.
Senior United States District Judge


March  11 , 2009
Anderson, South Carolina